# United States District Court

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA
v.
JOHN SLAY

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:05mj 120 -VPM

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about __May, 2005, to present,__ in __Geneva__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

combine, conspire, and confederate with others known and unknown to possess with intent to distribute approximately 50 grams or more of methamphetamine, a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __846__ I further state that I am a(n)

__Drug Enforcement Administration Special Agent__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

October 4, 2005                                        at    Montgomery, Alabama
Date                                                                City and State

Vanzetta P. McPherson, U.S. Magistrate Judge        _____
Name and Title of Judicial Officer                          Signature of Judicial Officer

# **AFFIDAVIT**

Based on my training and experience as a DEA agent, I know that people involved in the illegal drug distribution trade often speak using coded or vague language. I further know that drug dealers speak in this fashion in an attempt to evade law enforcement's efforts to investigate their illegal activities.

## Phone calls between John SLAY and Sergio RIOS

1. On May 4, 2005, Federal District Judge Myron H. Thompson of the Middle District of Alabama signed an order authorizing the interception of wire communication over (334) 806-4338 (hereinafter referred to as Target Telephone #2). Target Telephone #2 is subscribed to by Victor SOTO at 1460 Highway 27 South in Enterprise, Alabama and was being used by Sergio RIOS.

2. On May 3, 2005, at approximately 7:54 p.m., agents conducting a court ordered wire intercept on cellular telephone number 334-806-4338 (Target Telephone #2) intercepted an outgoing telephone call (call #48) to cellular telephone number 334-406-0126. This cellular telephone is subscribed to by John SLAY at #4 Canal Street in Samson, Alabama. During the conversation, Sergio RIOS tells John SLAY

that "I need to pay that boy, man" .. "I need to pay the man, pay this money to the other guy" and RIOS asked SLAY if he had "that". SLAY responded by stating that he did not have it (money) because it is "slow". RIOS stated "you got what you owe me" and SLAY responded "no". SLAY stated that he would call RIOS when he had the money. RIOS again stated that he needs to pay the man. Based on your affiant's training, experience, information outlined in paragraphs 13-16 and other knowledge of this investigation, I believe that Sergio RIOS is contacting John SLAY because SLAY owes RIOS drug proceeds from the sale of drugs that RIOS had previously delivered to SLAY. In addition, RIOS is explaining to SLAY that he (RIOS) needs to pay his source of supply for the same drugs. SLAY explains to RIOS that his drug distribution business is slow right now and he will call RIOS when he gets the proceeds.

3. On May 11, 2005, at approximately 11:43 a.m., agents conducting a court ordered wire intercept on cellular telephone number 334-806-4338 (Target Telephone #2) intercepted an outgoing telephone call (call #74) to cellular telephone number 334-406-0126. This cellular telephone is subscribed to by John SLAY at #4 Canal Street in Samson, Alabama. During the conversation Sergio RIOS asked John SLAY "you ready" and SLAY states "I am not ready yet". RIOS then

asked SLAY "do you have my money"? and SLAY responds, "yea, you got that one that was short"? and RIOS replies "yea". They then agree to meet the following day at nine o'clock. Based on your affiant's training, experience, other information outlined in paragraphs 13-16 and other knowledge of this investigation, I believe that Sergio RIOS is attempting to collect drug proceeds from John SLAY. Your affiant believes that Sergio RIOS supplies John SLAY with drugs and that RIOS is attempting to collect proceeds from the sale of those drugs. In addition, John SLAY asked RIOS if he had "the one that was short". Your affiant believes that SLAY is stating to RIOS that one of the units of drugs that RIOS previously provided to SLAY was short on the weight or the amount of drugs SLAY was due to receive.

## Events on May 11 and May 12, 2005

4. On May 11, 2005, agents monitoring cellular telephone number 334-806-4338 (Target Telephone #2) intercepted an outgoing telephone call (call#82) to telephone number 678-707-1357. During the conversation, Sergio RIOS talked to an unknown Hispanic Male in Spanish. According to the DEA translators, the unknown Hispanic male stated "is not going to

want any?" and RIOS states "no not right now". RIOS then stated "here where I am living, bring me the other". The unknown Hispanic male then stated "yeah what you had told me". They then agree to meet at seven. Based on your affiant's training, experience, the information outlined in paragraphs 13-16 and other knowledge of this investigation, I believe that RIOS and the unknown male are talking about the Hispanic male bring RIOS some type of drugs to 5545 Sheffield Road. When the unknown Hispanic male says, "is not going to want any," he is asking Rios if he is going to want any methamphetamine. When Rios says, "no, not right now," he means he needs no methamphetamine for distribution right now. When Rios says, "…bring me the other," he is requesting that the unknown Hispanic male bring him another type of drug.

5. As a result of intercepted call #82, on May 12, 2005, at approximately 6:30 a.m., (Eastern Standard Time) (EST) agents initiated surveillance at 5545 Sheffield Road in Donaldsonville, GA. Agents have determined that this is where Sergio RIOS lives.

6. At approximately 7:04 a.m., (EST), agents observed a Red, 1990 Astro Van arrive at 5545 Sheffield Road in Donaldsonville, GA. This vehicle displayed Georgia License

plate AFF7284. This vehicle license plate is registered to Ignacio HERRERA LOPEZ at 6200 Buford Highway, Suite A, Norcross, Georgia on a Blue, 1990 Chevrolet Astro van. **NOTE:** Ignacio HERRERA LOPEZ and Maria RODRIGUEZ LIBRADA were arrested on April 3, 2005 near Topeka, Kansas after being found in possession of 6.6 kilograms of methamphetamine and 1.8 kilograms of black tar heroin. In addition, the cellular telephone carried by these individuals contained telephone numbers 334-806-4338 (Target Telephone #2) and 334-405-9042, a cellular telephone that agents have determined is also used by Sergio RIOS. Furthermore, telephone numbers 678-266-7031 and 678-548-7913 were in these subject's cellular telephones. Both of these numbers have been called by Sergio RIOS's cellular telephone, 334-806-4338 (Target Telephone #2)

7. At approximately 7:10 a.m., (EST), S/A Devin Whittle observed Sergio RIOS exit the trailer at 5545 Sheffield Road in Donaldsonville, GA. RIOS was wearing a gray tee shirt, blue jeans and a blue cap. RIOS entered the passenger side of the van, sat on the seat and left the door open.

8. At approximately 7:14 a.m., S/A Devin Whittle observed Sergio RIOS exit the van and enter the trailer. RIOS was

carrying an object in his hands that was approximately the size of an envelope.

9. At approximately 7:18 a.m., S/A Devin Whittle observed Sergio RIOS exit the trailer and approach the passenger side of the van. Again, RIOS sat on the seat and left the door open. While RIOS was walking from the trailer to the van, S/A Whittle observed an object in RIOS's hand. This object appeared to be of similar size to the object described in paragraph #8.

10. At approximately 7:24 p.m., S/A Whittle observed that Sergio RIOS exit the van and the van departed the trailer. Deputy Chip Nix followed the van a short distance towards Highway 84 in Donaldsonville, GA. Deputy Nix terminated his surveillance when the van started driving fast and passing other vehicles in a no passing zone. S/A Whittle observed Sergio RIOS walk to a Black Toyota pick up truck that was parked in the yard of the trailer at 5545 Sheffield Road. RIOS then traveled to Highway 84 in Donaldsonville, GA. RIOS traveled North on Highway 84 to Dothan, Alabama. He traveled West around the Ross Clark Circle to Highway 52 West. RIOS then traveled through Slocomb, Alabama, Hartford, Alabama and Geneva, Alabama on Highway 52. RIOS traveled West on Highway

52 from Geneva towards Samson, Alabama. RIOS turned off of Highway 52 on to Geneva County Road 65. RIOS traveled South on Geneva County Road 65 to Geneva County Road 16. RIOS then traveled West on Geneva County Road 16 to Alabama State Highway 87 South of Samson, Alabama. RIOS then traveled South on State Highway 87 to Mixon Miller Road. RIOS then turned on to Dock Wilson Road.

11. On May 12, 2005, at approximately 8:48 a.m., agents conducting a court ordered wire intercept on cellular telephone number 334-806-4338 (Target Telephone #2) intercepted an outgoing telephone call (call #83) to cellular telephone number 334-406-0126. This cellular telephone is subscribed to by John SLAY at #4 Canal Street in Samson, Alabama. During the conversation, Sergio RIOS states to John SLAY, "I am here"... SLAY states, "I will be there in about ten minutes, stay there".

12. Agents then observed RIOS meet with a Black Ford Escape while on Dock Wilson Road. Agents observed and video taped this meeting. Agents then observed the Black Ford Escape travel East to State Highway 87 and travel North into downtown Samson, Alabama. The vehicle proceeded North across Highway 52 and turn on to Johnson Street. Agents observed a white

male exit the vehicle and enter 301 N. Johnson Street. Initial intelligence indicates that this residence is associated with Johnny Slay, Janice Slay and Sharon Short. Agents believe that the Black Ford Escape that met with RIOS was driven by John SLAY. Based on information from reliable confidential sources and previously intercepted telephone calls, agents had determined that John SLAY is being supplied drug by Sergio RIOS.

## Other evidence that Sergio RIOS is a drug trafficker

13. On November 23, 2004, your affiant and S/A Bob Greenwood interviewed a confidential source #1 regarding Sergio RIOS, A.K.A. JOSE. Confidential source #1 has been indicted and is currently awaiting sentencing. Your affiant has verified and used information provided by confidential source #1 in other investigations. Your affiant has no reason to believe that confidential source #1 would provide false or misleading information. During the interview, confidential source #1 stated that he/she had purchased methamphetamine from Sergio RIOS for approximately two years. Confidential source #1 further stated that he/she has purchased as much as one pound

and as little as one ounce of methamphetamine from Sergio RIOS, A.K.A. JOSE on several occasions. Confidential source #1 stated that on some occasions RIOS would deliver the methamphetamine to a location near the confidential source's house and the confidential source would retrieve the drugs. In addition, confidential source #1 stated that he/she would meet RIOS at the Lowe's parking lot in Dothan, Alabama to conduct drug transactions.

14. On August 17, 2005, your affiant and Decatur County, Georgia Deputy Chip Nix interviewed James Lindy ARGO regarding Sergio RIOS. During the interview, ARGO stated that he/she met Sergio RIOS in November of 2004. ARGO further stated that he/she purchased four ounces of methamphetamine from Sergio RIOS approximately four or five time, eight ounces of methamphetamine approximately five times and twelve ounces of methamphetamine approximately six or seven times.

15. On April 25, 2005, your affiant and other agents used an undercover agent from the Alabama Bureau of Investigation to make purchases 56.3 grams of methamphetamine from James Lindy ARGO. The Methamphetamine purchased from James Lindy ARGO was sent to the Dallas Laboratory and tested positive for

methamphetamine. This purchase was audio recorded by the undercover agent.

16. During this purchase, James Lindy ARGO advised the undercover that he had been "dealing with Sergio" for sixteen years. ARGO stated that he sold fifty pounds of marijuana per month for sixteen months. ARGO stated that he stopped dealing with "Sergio" when "Sergio" went back to Mexico. ARGO stated that RIOS returned from Mexico to the U.S. and they started dealing again. In addition, ARGO stated that "Sergio" does not sell weed (marijuana) anymore because it is to bulky and it smells. ARGO stated that since "Sergio" returned from Mexico he (ARGO) has only purchased cocaine and methamphetamine from Sergio RIOS. ARGO stated that when he and "Sergio" talk on the telephone they use codes, if he states the he is going to buy some lumber, this means that they will meet at Home Depot, if he states that he is going to the store, they will meet at Wal Mart. In addition, ARGO stated that every Monday morning, he and "Sergio" meet at a bridge on a dirt road. ARGO then asked, how many road blocks do you see at 8:00 a.m. on Monday morning? Your affiant is aware of the fact that James ARGO is currently incarcerated in the Decatur County, Georgia jail on possession of methamphetamine charges.

_____
DEA SPECIAL AGENT DEVIN WHITTLE

Sworn to and subscribed before me
this 4th day of October 2005
at Montgomery, AL

_____
VANZETTA McPHERSON, U. S. Magistrate Judge